UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------

|   |   |   |
|---|---|---|
| PNC BANK, N.A., | : | |
| | : | CASE NO. 1:13-CV-882 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 27] |
| FIRST AMERICAN TITLE | : | |
| INSURANCE COMPANY | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The parties in this breach of contract case involving insurance on home equity loans and lines of credit jointly propose a stipulated protective order allowing them to limit public disclosure of information they designate as confidential.[1]

Granting a protective order motion is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' which values public access to court proceedings."[2]  Unwarranted restriction of court documents hampers the public's ability to act as an important check on judicial integrity.[3]  Thus, in the Sixth Circuit, courts approach protective

---

[1] Doc. 27.

[2] *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

[3] *See Brown & Williamson*, 710 F.2d at 1179; *see also Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (observing that "trials are public proceedings" and that access to court records preserves "the rights of the public, an absent third party").

Case No. 1: 13-CV-882
Gwin, J.

order motions with a presumption in favor of public access to judicial records.[4]  The fact that all parties jointly seek a protective order does not overcome this presumption.[5]  A successful protective order motion must show specifically that disclosure of particular information would cause serious competitive or financial harm.[6]

Here, the movants completely fail to meet this standard.  The proposed confidentiality agreement is exceedingly broad and unspecific.  The movants ask for blanket authority to designate documents as confidential that they mark as "CONFIDENTIAL" based on their own determination that the documents "contain information protected from disclosure . . . or that should be protected from disclosure."[7]  However, they have failed to show that public disclosure of any information might cause serious harm or that a protective order is otherwise warranted.

The parties are, of course, free to privately contract to limit disclosure of documents and information.  And, any party may move to seal individual documents provided that it makes the requisite particularized showing.  For example, upon a proper motion, the Court will consider limiting public disclosure of information that would constitute a trade secret or that is otherwise highly sensitive.  However, the Court will not simply grant the parties blanket authorization to cloak the entire case under a veil.

___

[4] *See, e.g., In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997) (Moore, J. concurring in part and dissenting in part).

[5] *See Proctor & Gamble Co.*, 78 F.3d at 227 (warning district courts against "abdicat[ing their] responsibility to oversee the discovery process and to determine whether filings should be made available to the public" and against "turn[ing] this function over to the parties," which would be "a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson*").

[6] *See, e.g., Brown & Williamson*, 710 F.2d at 1179-80.

[7] Doc. 27 at 2.

Case No. 1: 13-CV-882
Gwin, J.

       The Court thus **DENIES** the proposed confidentiality agreement.

       IT IS SO ORDERED.


Dated: September 26, 2013               s/       *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE